IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
|     Plaintiff : | |
| : | |
| v. : | CRIMINAL NO. 1:CR-08-0205 |
| : | |
| BERNARD McMILLION : | |
|     Defendant : | |

*M E M O R A N D U M*

*I.  Introduction*

Presently before the court is defendant Bernard McMillion's motion to suppress evidence.  Defendant argues that his warrantless arrest and a subsequent search pursuant to a warrant were unlawful.  On December 22, 2010, we held a hearing on this issue.  After review of the briefs and hearing testimony, we will deny the motion.

*II.  Background*

On August 17, 2007, two police officers were on patrol in Swatara Township, Dauphin County, Pennsylvania when they visited the East Ridge Apartment complex and entered the building where defendant was staying.  After walking in to the building, the officers smelled an odor which they concluded was marijuana.  Believing the

odor to be emanating from apartment #3 on the second floor, the officers knocked on the door to speak with the occupants.[1]

After knocking, a male voice asked who was at the door. The officers informed them it was the police. After waiting a period of time, Schkira Washington, a non-party to this case, answered the door followed by the defendant, Bernard McMillion. When the door was opened, the officers detected a strong odor, which they knew to be marijuana, coming from within the apartment. The officers identified themselves as police, entered the apartment, and detained both Washington and the defendant. After placing Washington in handcuffs, the officers reported that the defendant became agitated, admitted that he had smoked marijuana and claimed any marijuana was his.

After removing the defendant from the scene, law enforcement obtained a search warrant which was executed on the premises around 12:12 a.m. on the following day. During the search, police recovered a .22 caliber revolver, $8,000 in cash and approximately 15 ounces of marijuana.

---

[1] During the suppression hearing, defendant offered testimony that law enforcement could not have smelled an odor of marijuana because he had smoked the drug several hours before the police arrived and any smell from burning marijuana had disappeared. In contrast, two law enforcement officers testified that they smelled an odor of marijuana upon entering the building where the defendant was located. We find the testimony of both officers credible, and thus conclude that an odor of marijuana was present.

2

*III.     Discussion*

   *A.     Standing*

As a threshold matter, "[s]tanding to challenge a search requires that the individual challenging the search have a reasonable expectation of privacy in the property searched, and that he manifest a subjective expectation of privacy in the property searched." *United States v. Baker*, 221 F.3d 438, 441 (3d Cir. 2000)(citations omitted).  It is established that an overnight guest has a reasonable expectation of privacy in a third-party's residence.  *See United States v. Perez*, 280 F.3d 318, 337 (3d Cir. 2002); *see also United States v. Smith*, 282 F.App'x 143, 147 (3d Cir. 2008).

Based upon the hearing testimony, we conclude that McMillion has standing to challenge the search of apartment # 3.  Witness testimony establishes that the defendant was a frequent overnight guest who regularly kept cloths at the apartment and also had a key to the residence.  In addition, McMillion would, on occasion, pay the cable and other utility bills as well as receive mail at the residence.  These facts leave no doubt that the defendant had a reasonable expectation of privacy in Ms. Washington's apartment, and thus he has standing to challenge his arrest and the subsequent search.

   *B.     Arrest and Search*

We will begin by discussing the relevant constitutional principles governing warrantless seizures in the home.  The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation,

3

> and particularly describing the place to be search, and the
> persons or things to be seized.

U.S. Const. amend. IV. To this end, "[w]arrantless searches and seizures inside someone's home...are presumptively unreasonable unless the occupants consent or probable cause and exigent circumstances exist to justify the intrusion." *United States v. Coles*, 437 F.3d 361, 365 (3d Cir. 2006). Probable cause is established where the facts and circumstances within an arresting officer's knowledge are "sufficient to warrant a reasonable person to believe an offense has been committed." *United States v. McGlory*, 968 F.2d 309, 342 (3d Cir. 1992).

In this context, exigent circumstances are those situations where "the need for effective law enforcement trumps the right of privacy and the requirements of [an arrest warrant], thereby excusing an otherwise unconstitutional intrusion." *Coles*, 437 F.3d at 366 (discussing warrantless search)(citing *Warden v. Hayden*, 387 U.S. 294, 298-99, 87 S.Ct. 1642 (1967)). "Examples...include, but are not limited to, hot pursuit of a suspected felon, the possibility that evidence may be removed or destroyed, and danger to the lives of officers or others." *Id.* (citing *United States v. Richard*, 994 F.2d 244, 247-48 (5th Cir. 1993). However, exigent circumstances fail to meet Fourth Amendment standards "if the government deliberately creates them." *Id.* (citing *United States v. Acosta*, 965 F.2d 1248, 1254 (3d Cir. 1992)).

*1. Probable Cause*

Upon review of the hearing testimony and relevant case law, we conclude that law enforcement had probable cause to arrest the defendant. As we previously stated, law enforcement arrived at defendant's apartment building and, upon entering the premises, noticed a smell of burning marijuana. Concluding that the odor may be emanating from apartment #3, the officers knocked on the apartment door and engaged Ms. Washington in conversation. However, upon Ms. Washington opening the door, the officers immediately detected a strong odor which they concluded was marijuana smoke based on their years of experience and training. This course of events establishes that law enforcement both acted reasonably and had probable cause to conclude that the apartment occupants were illegally possessing and/or using marijuana.

*2. Exigent Circumstances*

Our inquiry does end on a finding of probable cause. We next must examine whether the government produced sufficient evidence to establish that exigent circumstances existed. Here, the government essentially argues that law enforcement feared ongoing criminal activity and destruction of evidence if they did not act to secure the scene and detain the defendant.

After review, we find that exigent circumstances existed for the officers to enter the residence and arrest McMillion. More specifically, we conclude that the police reasonably believed that criminal activity was ongoing, and thus evidence may have been destroyed if they did not act. This is not a situation where law enforcement had this apartment building under constant surveillance. Hearing testimony shows that this was a

5

fast developing situation where police had to act quickly in order to prevent ongoing criminal activity and the potential destruction of evidence. As we stated, the officers had probable cause to arrest the defendant based on the strong odor of marijuana coming from the apartment. Once the officers knocked on the apartment door and engaged Ms. Washington in conversation regarding suspected drug activity, the defendant, who was standing nearby, became aware that law enforcement was investigating criminal activity. *See* 35 P.S. § 780-113(16), (30), & (31)(Pennsylvania prohibits the possession of both large and small quantities of marijuana, even if for personal use). Based on the strong odor of marijuana coming from the apartment and defendant's knowledge that law enforcement was investigating possible marijuana use and possession, it was reasonable for the police to conclude that the defendant was engaged in ongoing criminal activity. Therefore, the apartment and surrounding scene needed to be secured in order to prevent the possible destruction of evidence.

Defendant argues that the facts of this case mirror *United States v. Coles*, 437 F.3d 361 (3d Cir. 2006), where the Third Circuit held that exigent circumstances fail to meet Fourth Amendment standards if the government deliberately created the exigency. *Id.* at 366. However, the factual situation in *Coles* was unique and materially different from the case before us. In *Coles*, the government had a hotel room under covert surveillance because it believed the occupants were engaged in the illegal drug trade. *Id.* at 362-64. Law enforcement surreptitiously entered the room, with help from a hotel employee, and observed suspected drugs and related paraphernalia. *Id.* Officers then placed the room under surveillance. *Id.* Thereafter, police observed two men

6

entering the room, at least one of whom carried a backpack. *Id.* The officers then attempted to enter the room through subterfuge by claiming they were "room service" and then "maintenance to fix a reported leak." *Coles*, 437 F.3d at 363. It was only after these failed attempts did the police identify themselves. *Id.* The Third Circuit found these facts disturbing stating that the record reveals "no urgency or need for the officers to take immediate action." *Id.* at 371. The exigency "did not arise naturally or from reasonable police investigative tactics." *Id.* Instead, law enforcement deliberately created the exigency by demanding entry. *Id.*

In the case before us, the facts show that no surveillance was underway and local law enforcement was dealing with a fluid situation. The facts also clearly demonstrate that local police were acting reasonably and observing proper investigative tactics. Since law enforcement acted reasonably, we find that they did not create the exigent circumstances. Therefore, we conclude that defendant's warrantless arrest was supported by probable cause and the exigencies of the situation warranted intrusion into the residence to secure the scene. Thus, defendant's arrest does not run afoul of the Fourth Amendment. Likewise, the later search of the apartment pursuant to a search warrant is not tainted because defendant's arrest was legal and based upon probable cause.

### *C.* Sufficiency of Warrant Execution

Defendant also argues that law enforcement violated the Federal Rules of Criminal Procedure by performing a search of the apartment at night without adequate justification. Rule 41(e)(2)(A)(ii) and its Pennsylvania companion require that warrants be

7

executed during the daytime, unless a judge for good cause expressly authorizes execution at a another time. *See also* Pa.R.Crim.P. 205(5) & 206(7). The affidavit of probable cause shows that the police sought and were granted a nighttime search because officers were continuing to secure the scene. We find this justification reasonable. In any event, violation of Rule 41(e)(2)(A)(ii) and its Pennsylvania counterpart does not require the suppression of evidence. The procedural steps set forth in Rule 41 are "essentially ministerial in nature." *United States v. Hall*, 505 F.2d 961, 963 (3d Cir. 1974)(discussing Rule 41(d), the precursor to Rule 41(f)); *United States v. Primo*, 369 F.Supp.2d 607, 635 (W.D. Pa. 2005)(discussing Pennsylvania Rule 209(A)). Thus, absent a showing of prejudice, a motion to suppress should not be granted. *Hall*, 505 F.2d at 964; *see also Frisby v. United States*, 79 F.3d 29, 32 (6th Cir. 1996).

Defendant does not argue nor has he shown that he was prejudiced by the nighttime search. Thus, suppression is not warranted.

*IV.     Conclusion*

Based upon the preceding, we will deny defendant's motion to suppress evidence. We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: January 3, 2011

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
    Plaintiff :
 :
 :
v. : CRIMINAL NO. 1:CR-08-0205
 :
 :
BERNARD McMILLION :
    Defendant :

*O R D E R*

AND NOW, this 3rd day of January, 2011, after review of the hearing testimony and defendant's motions to suppress (doc. 21), and pursuant to the accompanying Memorandum, it is ordered that said motion is denied.

                                                    /s/William W. Caldwell
                                                  William W. Caldwell
                                                  United States District Judge