UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
vs. :
: CRIMINAL NO. 1:08-CR-205
:
BERNARD McMILLION, : (Judge Caldwell)
Defendant :
:
:

*M E M O R A N D U M*

I. *Introduction*

Defendant, Bernard McMillion, currently serving his federal sentence at the low federal correctional institution in Petersburg, Virginia, has filed a *pro se* "motion/letter" requesting that we order that his sentence run concurrently to a later-imposed Pennsylvania sentence.[1] In support of this request, Defendant cites *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), and the Federal Bureau of Prisons (BOP) Program Statement 5160.05. Both *Barden* and the program statement deal with the BOP's authority to designate nunc pro tunc a state institution as the place where a federal prisoner will serve his federal sentence. Defendant also alleges that one of his state convictions, theft by unlawful taking, is related to his federal offenses.

---

[1] Doc. 93 is a duplicate of this motion, which we will dispose of along with the motion/letter.

II. *Background*

On May 14, 2008, Defendant was indicted under 21 U.S.C. § 841(a) for possession with intent to distribute marijuana; under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of drug trafficking; and under 18 U.S.C. § 922(g) for possession of a firearm by a felon. All of the offenses were alleged to have occurred on or about August 18, 2007. On April 14, 2011, after we denied his suppression motion, he entered a conditional guilty plea to the drug-trafficking offense and to the offense of being a felon in possession of a firearm. On August 25, 2011, Defendant was sentenced to sixty months on each count, to be served concurrently.

Defendant appealed our ruling on his suppression motion, and the Third Circuit affirmed his conviction. *United States v. McMillion*, 472 F. App'x 138 (3d Cir. 2012)(nonprecedential). On July 10, 2012, he filed a motion under 28 U.S.C. § 2255, asserting that his counsel was ineffective in not challenging the use of a prior conviction of giving false information to police to calculate his criminal-history points. On December 13, 2012, we granted his motion and reduced his sentence accordingly, to forty-nine months on each count, to run concurrently.

In the meantime, about six weeks after the federal sentencing, on October 3, 2011, Defendant appeared in state court for sentencing on charges of possession with intent to deliver, criminal conspiracy, flight to avoid apprehension, resisting arrest, tampering with evidence, possession of drug paraphernalia, false identification to law enforcement, and theft by unlawful taking. (Doc. 94-1, ECF P. p. 2, state sentencing and

guilty-plea transcript). The charge of theft by unlawful taking was based on Defendant's having cut off an electronic monitoring device, valued at $700, that was being used to monitor him on a 2008 state drug charge. (*Id.*; PSR ¶ 30). The state court sentenced Defendant on these charges to an aggregate term of one to two years' imprisonment, to run concurrently with his federal sentence.

III. *Discussion*

Defendant's request that his federal sentence run concurrently nunc pro tunc with his state sentence is a challenge to the execution of his sentence. As such, it is cognizable under 28 U.S.C. § 2241. *See Howard v. Longley*, ___ F. App'x ___, ___, 2013 WL 4517257, at *1 (3d Cir. 2013)(nonprecedential). However, if the court is to issue the writ, the court must have jurisdiction over Defendant's custodian, here the warden of the institution where he is confined. This means Defendant should have filed his motion in the district of his confinement. *See Massaquoi v. Thomas*, ___ F. App'x ___, ___, 2013 WL 5509182 at *1 n.1 (3d Cir. 2013)(nonprecedential). Defendant is confined at the low federal correctional institution in Petersburg, Virginia, within the jurisdiction of the United States District Court for the Eastern District of Virginia. We therefore lack jurisdiction over this challenge to the execution of his sentence, and we will dismiss on that basis, but without prejudice to Defendant's filing a 2241 petition in the Eastern District of Virginia.

Defendant also alleges that one of his state convictions, theft by unlawful taking, is related to his federal offenses. Defendant seems to be requesting that we

3

reduce his sentence on this basis. Defendant cites no authority for this request, and he does not elaborate on it, if indeed we are correct in assuming that it is a request that we reduce his sentence. In these circumstances, we decline to act upon Defendant's allegation.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 14, 2013