UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
vs. :
: CRIMINAL NO. 1:08-CR-205
:
BERNARD McMILLION, : (Judge Caldwell)
Defendant :
:
:

*M E M O R A N D U M*

I.  *Introduction*

        This case is here on remand from the Third Circuit.  The pro se defendant, Bernard McMillion, had filed a 28 U.S.C. § 2255 motion, which we denied on the ground that it was a second or successive one that we lacked jurisdiction to consider.  Defendant appealed our order, contending that we did have jurisdiction over the motion because, while it may have been a second 2255 motion, it was the first 2255 motion he filed challenging the order of December 13, 2012.  That order granted Defendant's first 2255 motion by reducing Defendant's sentence from sixty months to forty-nine months.

        At the Third Circuit, the government filed a motion to remand for us to consider the second 2255 motion as an initial filing under section 2255 but indicated it wanted to litigate whether specific claims should be treated as second or successive ones.  Defendant concurred in the motion, and the Third Circuit remanded for consideration of the second 2255 motion.

The threshold issue is whether we erred in dismissing the second 2255 motion for lack of jurisdiction when it was the first 2255 motion to challenge the order amending the sentence. The government asserts that we did err as to the claims presented in the second 2255 motion challenging the amending order but not as to the claims challenging the judgment of conviction, as those could have been presented in the first 2255 motion.

As will be shown below, we conclude that we mistakenly dismissed the second 2255 motion, as it was not a "second or successive" one within the meaning of 28 U.S.C. § 2255(h). We also conclude that Defendant can present all his claims for relief in the second 2255 motion, not just the ones that challenge the amending order. However, we decide that none of the claims have merit and will therefore deny the motion.

II.  *Background*

The pertinent background is as follows. On May 14, 2008, Defendant was indicted under 21 U.S.C. § 841(a) for possession with intent to distribute marijuana; under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of drug trafficking; and under 18 U.S.C. § 922(g) for possession of a firearm by a felon. All of the offenses were alleged to have occurred on or about August 18, 2007. On April 14, 2011, after we denied his suppression motion, Defendant entered a conditional guilty plea to the drug-trafficking offense and to the offense of being a felon in possession of a firearm. On August 25, 2011, Defendant was sentenced to sixty months on each count, to be served concurrently. Defendant appealed our ruling on his suppression motion, and the Third

Circuit affirmed his conviction. *United States v. McMillion*, 472 F. App'x 138 (3d Cir. 2012)(nonprecedential).

On July 10, 2012, Defendant filed his first motion under 28 U.S.C. § 2255, asserting as his sole ground for relief that his counsel was ineffective in not challenging the use of a prior conviction of giving false information to police to calculate his criminal-history points. Agreeing with Defendant, on December 13, 2012, we granted his motion without holding a hearing. We did not vacate the judgment of conviction and issue a new one. Instead, we issued an order granting the 2255 motion by amending the sentence to reduce it from sixty months to forty-nine months on each count, to run concurrently.

In the meantime, about six weeks after the federal sentencing, on October 3, 2011, Defendant appeared in state court for sentencing on charges of possession with intent to deliver, criminal conspiracy, flight to avoid apprehension, resisting arrest, tampering with evidence, possession of drug paraphernalia, false identification to law enforcement, and theft by unlawful taking. (Doc. 94-1, ECF p. 2, state sentencing and guilty-plea transcript). The state court sentenced Defendant on these charges to an aggregate term of one to two years' imprisonment, to run concurrently with his federal sentence.

On August 20, 2013, Defendant filed his second 2255 motion. The motion made the following claims. The first four could have been raised in the first 2255 motion. First, trial counsel was ineffective in not challenging the four-level enhancement in his offense level under U.S.S.G. § 2D1.1(b)(6) because the guideline called only for a two-

3

level enhancement and did not apply to his particular case. Second, trial counsel was ineffective in not asking the court to run the federal sentence concurrent with the state sentence that was anticipated to be imposed shortly. Defendant avers that counsel told him that if the state court imposed a concurrent sentence, the federal and state sentences would run at the same time, but that did not happen.[1] Third, trial counsel was ineffective in failing to argue that under Pa. Cons. Stat. Ann. § 6106(a) it is not a crime to possess a gun inside one's home. Fourth, trial counsel was ineffective in failing to argue on the suppression motion that under Pennsylvania law a police officer can only make a warrantless arrest for a misdemeanor if the offense is committed in the presence of the officer. Fifth, the court erred when, after deciding to grant relief on Defendant's first 2255 motion, it failed to hold a hearing so that Defendant could have presented evidence on his postsentencing rehabilitation. Sixth, the court erred in not advising Defendant of his appeal rights after the sentence was amended. Seventh, the court erred in not appointing counsel on the first 2255 motion and holding a resentencing hearing so that counsel could have advised Defendant of all of his rights.

By way of an order, dated September 4, 2013, we dismissed the second 2255 motion for lack of jurisdiction. In the background section of the order, we noted that Defendant had already had adjudicated a 2255 motion (his first one) and concluded from

---

[1] On November 4, 2013, Defendant filed a pro se motion which we construed as one under 28 U.S.C. § 2241 seeking to run the federal and state sentences concurrently. On November 14, 2013, we dismissed the motion for lack of jurisdiction because it had to be filed in the district where Defendant was incarcerated.

this that the second one was a second or successive motion under 28 U.S.C. § 2255(h) that could not be filed absent approval of the Third Circuit.

III.   *Discussion*

      A. *Defendant's Second 2255 Motion Was Not a Second or Successive One Within the Meaning of 28 U.S.C. § 2255(h) Because the Second 2255 Motion Was the First Motion to Challenge the Order Amending the Judgment of Conviction*

Pursuant to 28 U.S.C. § 2255(h), before filing a "second or successive motion" under section 2255, a defendant must first obtain a certificate of appealability from the appropriate court of appeals. *See* 28 U.S.C. § 2255(h). If a defendant fails to do, the second or successive motion is dismissed for lack of jurisdiction. *See Pelullo v. United States,* 352 F. App'x 620, 625 (3d Cir. 2009)(nonprecedential).

As noted, we dismissed the second 2255 motion after concluding that it was a second or successive one within the meaning of section 2255(h). Based on Defendant's argument on appeal from that dismissal, we were mistaken in doing so. Our reasoning overlooked the December 13, 2012, order in which we granted the first 2255 motion by amending the sentence to reduce it from sixty months to forty-nine months. While the second 2255 motion is literally a second 2255 motion by coming later in time than the first motion, it is not a "second or successive" motion within the meaning of section 2255(h) because it is really a first motion challenging the conviction and sentence as amended by the December 13, 2012, order.

In reaching this conclusion, we rely on *In re Brown*, 594 F. App'x 726 (3d Cir. 2014)(nonprecedential). In *Brown*, the Third Circuit held that a "second-in-time" petition under 28 U.S.C. § 2254 challenging a state-court conviction was not a second or successive 2254 petition when there was an "'intervening judgment'" consisting of a resentencing. *Id.* at 729 (quoting *Magwood v. Patterson*, 561 U.S. 320, 341-42, 130 S.Ct. 2788, 2802, 177 L.Ed.2d 592 (2010)). In these circumstances, the second-in-time petition is really a "first challenge" to a "new judgment," *id.* at 730, and the district court can consider it. *Brown* dealt with a 2254 petition, but "second or successive" 2254 petitions are also subject to dismissal, *see* 28 U.S.C. § 2244(b), and *Magwood*, upon which *Brown* relies, has been extended to 2255 motions. *See Johnson v. United States*, 623 F.3d 41, 45 (2d Cir. 2010).

Even the government concedes that we erred in dismissing the motion to the extent it challenged the amending order of December 13, 2012. The government argues, however, that claims that could have been brought in the original 2255 motion are barred as second or successive. We disagree. In *Brown*, the Third Circuit ruled that a 2254 petition challenging a new judgment can raise claims that could have been brought in the original 2254 petition. *Brown*, 594 F. App'x at 729-30. *Brown* quoted *Johnson* for this ruling, and *Johnson* applied the same rule to a 2255 motion. 623 F.3d at 45-46.

We note that we did not vacate the judgment of conviction. We merely entered an order amending the sentence. But this is not material to our ruling that

6

Defendant can proceed with his current 2255 motion. Defendant cannot be barred from pursuing his current 2255 motion simply because the court made the procedural choice to issue an amending order rather than vacate the judgment of conviction and issue a new one. We therefore turn to the merits of the motion.

### B. *The Merits of the 2255 Motion*

Defendant's first claim is that trial counsel was ineffective in not challenging the four-level enhancement in his offense level under U.S.S.G. § 2D1.1(b)(6) because the guideline called only for a two-level enhancement and did not apply to his particular case.

The government first argues that "a claim of ineffectiveness of counsel in the calculation of the sentencing guidelines is normally not cognizable on collateral review" and that when Defendant "received a sentence well within the maximum punishment for the offenses he" pled guilty to . . . the fact that there may have been a guideline error does not rise to the level of a miscarriage of justice warranting a remedy under § 2255." (Doc. 105, Govt.'s Opp'n Br. at p. 15). We disagree. Ineffectiveness that affects the guideline range, the claim asserted here, is cognizable in 2255 proceedings. *See United States v. Otero*, 502 F.3d 331, 336-37 (3d Cir. 2007); *Jansen v. United States*, 369 F.3d 237, 244 (3d Cir. 2004).[2]

---

[2] When we granted Defendant's first 2255 motion, we reduced Defendant's original guideline range of fifty-seven to seventy-one months to forty-six to fifty-seven months. (Doc. 85, Dec. 13, 2012, memorandum at pp. 4-5). If we were to eliminate the four-level enhancement at issue here, his guideline range would drop to thirty to thirty-seven months.

However, we agree with the government that this claim lacks merit because the reference to section 2D1.1(b)(6) was a clerical error and that a four-level enhancement was properly given under U.S.S.G. § 2K2.1(b)(6).

In the presentence report (PSR), Defendant was given a four-level enhancement because he "possessed the firearm in connection with the distribution of marijuana, a felony offense . . ." (PSR ¶ 13).  The authority for the enhancement was cited as U.S.S.G. § 2D1.1(b)(6).  However, as Defendant points out, section 2D1.1(b)(6) calls for only a two-level enhancement and applies if the defendant "distributed a controlled substance through mass-marketing by means of an interactive computer service . . . ."[3]

The answer is that the probation officer who prepared the PSR meant to refer to section 2K2.1(b)(6).  As the government observes, Defendant's offense level was calculated based on his conviction for being a felon in possession of a firearm, the most serious offense.  (PSR ¶ 11).  In pertinent part, section 2K2.1(b)(6) imposes a four-level enhancement if the defendant "possessed any firearm . . . in connection with another felony offense . . . ."  The commentary to section 2K2.1 indicates that subsection (b)(6) applies, in pertinent part, "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1, cmt. n. 14(B).

---

[3] We cite to the 2010 version of the guidelines, the guidelines used to sentence Defendant.

As the government contends, the enhancement was proper in this case. The firearm was found in the bedroom, where police officers also found marijuana and drug paraphernalia, including digital scales, and about $8,000. (PSR ¶ 5). This qualifies as "close proximity" for the purpose of the enhancement. *See United States v. Shaird*, 538 F. App'x 208, 210 (3d Cir. 2013)(nonprecedential)(gun thrown down basement stairs in kitchen was in close proximity to marijuana and drug paraphernalia in the dining room when the kitchen and dining room were adjacent and the marijuana could be seen from the spot where the gun was thrown down the stairs). "'[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.'" *Ross v. District Attorney of the County of Allegheny*, 672 F.3d 198, 211 n.9 (3d Cir. 2012)(quoting *Werts v. Vaughn*, 228 F.3d 178, 202 (3d Cir. 2000)). Defendant's first claim thus fails.

Defendant's second claim is that trial counsel was ineffective in not asking the court to run the federal sentence concurrent with the pending state charges. Defendant avers that counsel told him that if the state imposed a concurrent sentence, the federal and state sentences would run at the same time, but that did not happen.

This claim lacks merit. Claims of ineffective assistance of counsel are governed by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* sets forth a two-prong test to establish ineffectiveness. First, counsel's performance must be deficient. *Jacobs v. Horn,* 395 F.3d 92, 102 (3d Cir. 2005)(citing *Strickland*). Second, counsel's deficient performance must have prejudiced the defense. *Id.* (quoting *Strickland*). A petitioner must "show 'that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 105 (quoting *Strickland*).

Defendant cannot meet either prong of the *Strickland* standard. First, counsel's performance was not deficient. Defendant was sentenced on August 25, 2011. At that time, the law in the Third Circuit was that a district court had no authority to run its sentence concurrent with a sentence to be imposed later in state court. *United States v. Hopkins*, 568 F. App'x 143, 146 (3d Cir. 2014)(nonprecedential). Counsel's performance thus could not have been deficient in not requesting a sentence that would be concurrent with the future state sentence. *Id.* at 147.[4]

Second, Defendant cannot show prejudice. On October 1, 2012, the Federal Bureau of Prisons (BOP) sought the undersigned's advice as to whether the BOP should designate the state institution where Defendant served his state sentence as his federal place of confinement nunc pro tunc. See *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), and the Federal Bureau of Prisons (BOP) Program Statement 5160.05. Such a designation would have effectively made the sentences concurrent. The court advised against the designation. Thus, if at the time of sentencing, trial counsel had requested a concurrent sentence, we would have declined to do so. It follows that the outcome would not have been any different, and Defendant has failed to meet the second prong of the *Strickland* standard.

---

[4] It was only later, in *Setzer v. United States*, ___ U.S. ___, ___, 132 S.Ct. 1463, 1473, 182 L.Ed.2d 455 (2012), that the Supreme court clearly established that a federal court can anticipate a future state sentence in imposing the federal sentence.

Defendant's third claim is that trial counsel was ineffective in failing to argue that under Pa. Cons. Stat. Ann. § 6106(a) it is not a crime to possess a gun inside one's home. We reject this argument. This may be true but it has no bearing on Defendant's federal convictions.

Defendant's fourth claim is that trial counsel was ineffective in failing to argue on the suppression motion that under Pennsylvania law a police officer can only make a warrantless arrest for a misdemeanor if the offense is committed in the presence of the officer.

We reject this argument for three reasons. First, Defendant does not identify the misdemeanor that had to be witnessed by the officer. A motion for 2255 relief cannot rest upon vague and conclusory allegations. *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)(vague and conclusory allegations are insufficient for a section 2255 motion). A district court may dispose of such allegations without further investigation. *Id.* Second, even if relevant here, "the validity of an arrest under state law is at most a factor that a court may consider in assessing the broader question of probable cause" to arrest. *See United States v. Laville*, 480 F.3d 187, 192 (3d Cir. 2007). Third, as the facts of Defendant's arrest show, Defendant would have committed the misdemeanor in the arresting officers' presence, given that they traced the smell of marijuana to the apartment where he was and that, after they arrived, he admitted having smoked it. *McMillion*, *supra*, 472 F. App'x at 140-41.

Defendant's fifth claim is that the court erred when, after deciding to grant relief on Defendant's first 2255 motion, it failed to hold a hearing so that Defendant could have presented evidence on his postsentencing rehabilitation. We disagree.

A district court has discretion in deciding whether to hold a hearing on a 2255 motion. *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). The court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court abuses its discretion if it does not hold a hearing "when the files and records of the case are inconclusive as to whether the movant is entitled to relief." *Booth*, 432 F.3d at 546.

We did not err in not holding a hearing. Defendant's claim might have some merit if we had denied relief, but we did not; we granted it, and on the sole claim presented, whether Defendant' counsel was ineffective in not challenging the use of a prior conviction of giving false information to police to calculate his criminal-history points. Additionally, as the memorandum explaining our ruling shows, the facts were undisputed as to Defendant's criminal record and the motion turned instead on an issue of law. (Doc. 85, Dec. 13, 2012, memorandum, at pp. 3-4). Moreover, Defendant did not raise postsentencing rehabilitation in the motion, so the court would not have known that it had to resolve such a claim. Finally, even in the current motion, Defendant does not specify the postsentencing rehabilitation he has undergone, and a motion for 2255 relief cannot rest upon vague and conclusory allegations. *Thomas*, 221 F.3d at 437.

Defendant's sixth claim is that the court erred in not advising Defendant of his appeal rights after the sentence was amended. We disagree. Since Defendant prevailed on the 2255 motion, there was no need to advise him of his right to appeal.[5]

Defendant's seventh claim is that the court erred in not appointing counsel on the first 2255 motion and holding a resentencing hearing so that counsel could have advised Defendant of all of his rights. We disagree.

Unlike trial and direct appeal, there is no constitutional right to counsel in postconviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539, 545-46 (1987); *United States v. Essig*, 10 F.3d 968, 974 n.18 (3d Cir. 1993); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991). Appointment of counsel in these circumstances is authorized by 28 U.S.C. § 2255(g) and 18 U.S.C. § 3006A(a)(2)(B).[6] The latter provision permits the court to appoint counsel in section 2255 proceedings when "the interests of justice so require."

In deciding whether to appoint counsel, courts must first decide whether the postconviction motion is frivolous and whether appointment would benefit the defendant and the court. *Reese*, 946 F.2d at 263-64. The court should also consider "the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Id.* at 264; *see also Blasi v. Attorney*

---

[5] On the other hand, if we had denied the motion, we would have advised Defendant of our decision on a certificate of appealability and his right to appeal the order denying the 2255 motion. *See* 28 U.S.C. § 2253(a) and Fed. R. App. P. 22.

[6] Section 2255(g) provides that appointment of counsel shall be governed by section 3006A.

13

*General*, 30 F. Supp. 2d 481, 489 (M.D. Pa. 1998); *Watson v. United States*, 1997 WL 667152 at *4 (E.D. Pa.); *Biggins v. Snyder*, 2001 WL 125337 at *2-3 (D. Del.).

Here, we denied appointment of counsel because, in part, the legal and factual issues presented in the first 2255 motion were simple. (Doc. 77, Oct. 12, 2012, order, at p. 2). That was a correct resolution of Defendant's motion for appointment of counsel in the context of the claim raised in his 2255 motion.

IV. *Conclusion*

Having considered all of the claims, we will issue an order denying the 2255 motion. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

August 11, 2015